UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Nze, | ) C/A No. 7:05-2515-GRA-WMC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Spartanburg City Police Department;<br>Department of County Detention; and<br>Solicitor's Office Spartanburg, | ) |
| Defendants. | ) |

The *pro se* plaintiff, John Nze (Plaintiff), brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the City Police Department, County Detention Department and the Solicitor's Office. Plaintiff claims false arrest and detention, for which he seeks monetary damages. The complaint should be dismissed for failure to state a claim against the named defendants upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387,  (4th Cir. 1990).

## Background

The complaint states Plaintiff was arrested on February 24, 1997, and detained for several months before charges of armed robbery were dropped against him.  He claims he was told it was a case of mistaken identity.  Plaintiff sues the police department for arresting him, the detention center for detaining him for several months, and the solicitor's office for signing the warrant for his arrest and detention.  Complaint at 3.

## Discussion

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting  "under color of state law."  *See* 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); *see generally*  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).  The complaint names the Spartanburg City Police Department as a defendant.  A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. Board of County Commissioners v. Brown, 520 U.S. 397 (1997); *see, e.g.,* McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997) ("If

3

the sheriff's actions constitute county 'policy,' then the county is liable for them."); Knight v. Vernon, 214 F.3d 544, 2000 WL 709560 (4th Cir. 2000) [Table].  The Plaintiff fails to identify any actionable policy or custom of the Spartanburg City Police Department that caused his alleged constitutional deprivation.  The complaint fails to state a claim against the Spartanburg City Police Department.

The complaint names the "Department of County Detention" as a defendant.  In as much as Plaintiff is attempting to sue Spartanburg County or a department of the County, he fails to allege facts that establish a "policy or custom" of the County which caused his alleged constitutional injury.  In as much as Plaintiff may be attempting to sue the County Detention Center where he was detained, he fails to name a "person" subject to suit under § 1983.  The Spartanburg County Detention Center is a group of buildings or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  Hence, the Spartanburg County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983.  See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  The complaint fails to state a claim against the "Department of County Detention."

The "Solicitor's Office" is also named as a defendant for signing the Plaintiff's arrest warrant and authorizing detention.  The Solicitor's Office is immune from suit under § 1983

4

in this case. Immunity presents a threshold question which should be resolved before discovery is even allowed. *See* Siegert v. Gilley, 500 U.S. 226 (1991); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). In Imbler v. Pachtman, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." The decision to prosecute criminal charges is clearly within the scope of the duties of a solicitor. The Solicitor's Office has absolute immunity from suit in this § 1983 action.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *with prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

October 4, 2005
Greenville, South Carolina

5

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603**